**SO ORDERED.**

**SIGNED this 24 day of March, 2015.**



*Austin E. Carter*

**Austin E. Carter
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 13-51671-AEC |
| George A. Mazzant, III, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| James C. Cifelli, Chapter 7 Trustee of ) | |
| G&G Money, Inc. (Debtor, Chapter 7 ) | |
| Case No. 10-75646, N.D. Ga.), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 13-05072 |
| ) | |
| George A. Mazzant, III, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on February 6, 2015 at a telephonic status conference on the Plaintiff and the Defendant's respective Motions for Summary Judgment (Dkts. 28 & 31). The Plaintiff moved for summary judgment denying the Defendant's discharge under 11 U.S.C. § 727(a)(7). The Defendant moved for summary judgment against this claim by the Plaintiff.

At the status conference, the Court observed that the factual allegations on which the Plaintiff bases his claim for denial of discharge are substantially similar to the factual allegations

made by the Plaintiff against the Defendant in connection with a Motion to Contempt apparently pending in *Cifelli v. Mazzant (In re G & G Money, Inc.)*, Ch. 7 No. 10-75646, Adv. No. 11-5196 (Bankr. N.D. Ga.) (the "G&G Adversary Proceeding"). A review of the parties' pleadings reveals a dispute of material fact surrounding whether the Defendant has concealed property or failed to provide records in violation of orders issued in the G&G Adversary Proceeding, and because of this dispute of material fact, the Court would have to deny the motions for summary judgment.

However, it appears that the court presiding over the G&G Adversary Proceeding has not yet ruled on whether the Defendant is in contempt of its orders. The Plaintiff stated that he believes that his Motion for Contempt against the Defendant in the G&G Adversary Proceeding remains pending.[1] Because the factual disputes may be resolved in the G&G Adversary Proceeding when that court rules on the Motion for Contempt, if any, outstanding against the Defendant in that case, and because that court is more familiar with these facts, the Court finds that the most efficient course is to ORDER the following:

(1) The automatic stay imposed under 11 U.S.C. § 362(a) in this case is lifted to the extent necessary to allow the Plaintiff to complete the prosecution of (or file anew) his Motion for Contempt against Defendant, for the sole purpose of determining whether Defendant has properly complied with the orders of that court, as has been alleged in this Adversary Proceeding. The stay is not lifted to allow the collection or enforcement of any fines or penalties for civil contempt imposed by the court presiding over the G&G Adversary Proceeding.

---

[1] It is not entirely clear from a review of the docket and select pleadings in the G&G Adversary Proceeding whether the motion is still outstanding. On October 19, 2011, the Plaintiff filed a *Motion for Contempt Against Defendant George A. Mazzant, III for Failure to Comply with Court Order* in the G&G Adversary Proceeding, which is identified in that case as Docket No. 22. Several months later, on March 5, 2012, the Plaintiff filed a *Response to Motion to Vacate Preliminary Injunction and Post-Hearing Brief in Support of Motion for Contempt Against Defendant Georgia A. Mazzant, III for Failure to Comply with Court Order*, which is identified as Docket No. 31 in the G&G Adversary Proceeding. The Post-Hearing Brief apparently relates to conduct of the Defendant continuing or occurring after the initial Motion for Contempt was filed. A review of the docket in the G&G Adversary Proceeding does not reveal any order on the Motion for Contempt entered after the Post-Hearing Brief was filed, nor could the parties identify one at the status conference in this case.

(2) The Court's consideration of the respective Motions for Summary Judgment by the Plaintiff and the Defendant is stayed until the earlier of: (a) a ruling (via final order) in the G&G Adversary Proceeding as to whether the Defendant failed to comply with the orders of that court, as alleged in this Adversary Proceeding, which ruling the Defendant shall, after it becomes final, promptly file with this Court accompanied by a request for status conference; or (b) further order of this Court.

(3) However, if either party would rather resolve these factual disputes through trial in this Adversary Proceeding or, for other reason, would prefer the Court to release its stay as to rulings on the motions for summary judgment, either party may request a status conference to discuss the same.

END OF DOCUMENT